STATE, EX REL. GEORGE ZIEGLER, RELATOR, v. POLICE-MEN'S PENSION COMMISSION OF THE BOROUGH OF ALLENHURST, RESPONDENT.

Decided March 17, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *William L. Edwards*.

For the respondent, *Cook & Stout*.

PER CURIAM.

This matter is before us on a rule to show cause why a *mandamus* should not be directed against the Policemen's Pension Commission of the borough of Allenhurst, requiring it to call to its assistance the aid of the surgeon or physician representing either the police or fire department of the bor-

ough, or any other surgeon or physician, provided there is no police or fire department physician, and act in determining by resolution whether the relator is entitled to retire as a police officer of the borough of Allenhurst, and receive a pension, pursuant to the Police and Firemen's Pension act (*Pamph. L.* 1920, *ch.* 160, *p.* 324), and requiring it to declare the relator's eligibility to the benefits of the policemen's pension fund of the said borough.

According to the testimony of the relator, it appears that on August 25th, 1922, while in the performance of his duties as a police officer, he was run into by an automobile on the public highway, in the borough, and as a result, the relator claims he became permanently disabled.

There is some uncertainty in the testimony whether his incapacity to perform his duties as a police officer was and is due to the accident, or arose from a disease.

The relator was about fifty-three years old in 1922. He was appointed a police officer of the borough March 21st, 1914, and served in the capacity of a patrolman from that time on up to the time when he claimed he was injured, August 25th, 1922. It appears that he resumed work as patrolman after he recovered from his alleged injury, but finally quit as such in January, 1923, since which time he performed no services for the borough either as patrolman or in any other capacity.

The borough is functioning under commission government since 1916. There are no records of that period showing the appointment of relator or of any officer of the said borough. The records, however, do show that on the 2d of January, 1924, there were certain police regulations mapped out by the then police commissioner. It appears that no police department was established in the borough until February 9th, 1926, and that the borough did not adopt the provisions of the Police Pension act referred to until January, 1926, more than three years after the time the relator ceased to act in the capacity of police officer.

From the printed case, it further appears that the relator had not been engaged in the performance of any duty as patrolman of the borough nor had he been on the payroll of,

and employed by, the borough, nor had he made any claim for any arrears of salary from the time he ceased to perform duty in 1923. After a silence of more than two years he applied to the commissioners of the borough on April 20th, 1925, for a position as deskman, without result, and from then on the matter rested until January 4th, 1927, when he made application, by letter, to the pension commission of the borough of Allenhurst for retirement as police officer, claiming that while on duty on August 6th, 1922, he became completely incapacitated from performing the duties as patrolman of the borough, &c.

The relator's incapacity, according to his own statement, arose three years prior to the organization of a police department by ordinance of the borough, and the adoption of the Police and Firemen's Pension act of 1920, *supra,* and of the organization of the police pension fund. Moreover, it is to be observed that the statute of 1920, *supra,* provides that it shall not take effect until its adoption by a majority of the voters.

It seems to us, the fact that there was no established police department and no established police fund, at the time of, and during the employment of the relator and the time when his alleged disability arose, and the fact that the statute of 1920, *supra,* was not adopted until several years after the relator had ceased to perform the duties devolved upon him as a police officer, and there being no declaration in the statute that it shall have retroactive effect, the relator's application for a pension is without legal support.

The rule to show cause, therefore, is discharged, with costs.